IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Anthony Young,<br><br>                          Petitioner,<br><br>vs.<br><br>Mildred L. Rivera, Warden,<br><br>                          Respondent. | C/A No.: 0:12-594-CMC-PJG<br><br>**REPORT AND<br>RECOMMENDATION** |

The petitioner, William Anthony Young ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner, a federal inmate, seeks a reduction in his sentence imposed by the United States District Court for the District of South Carolina. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This court is charged with screening the petitioner's habeas petition and attachments to

determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

Page 2 of 8
PJG

or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**BACKGROUND**

According to Petitioner, on April 16, 2002, the United States filed an indictment charging Petitioner with conspiracy to possess with intent to distribute and to distribute five grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846. In addition, on June 27, 2002, the Government filed a notice by which it informed Petitioner that he was subject to increased penalties under 21 U.S.C. § 851 because of two previous state court convictions for drug felonies (98-GS-40-14983 and 01-GS-40-51720). Although Petitioner received five-year sentences on both state court convictions, he served no time in prison. Petitioner pled guilty to the federal charges on August 28, 2002, and on May 13, 2003, received a 360-month sentence. (See generally Pet., ECF No. 1); see also United States v. Young, 3:02-cr-00216-CMC.[1]

Petitioner did not file a direct appeal of his sentence, but in May 2004, filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. See Young v. United States, 3:04-cv-01562-CMC. The court subsequently dismissed Petitioner's § 2255 petition with prejudice and also denied Petitioner's motions to alter or amend judgment, for reconsideration, and for certificate of appealability. The United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal.

---

[1] Cf. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that " '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.' ") (citation omitted).

PJG

## DISCUSSION

The Petition presents the threshold question of whether Petitioner properly raises his claims in this court pursuant to 28 U.S.C. § 2241. Seeking judicial review under § 2241 in the district of confinement is reserved for attacks against "the computation and execution of the sentence rather than the sentence itself." United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). A motion under 28 U.S.C. § 2255 is utilized to attack a sentence as it was imposed, rather than as the sentence is being executed. United States v. Snow, 748 F.2d 928, 934 (4th Cir. 1984) (quoting Freeman v. United States, 254 F.2d 352, 353-54 (D.C. Cir. 1958)). As Petitioner is attacking the validity of his 360-month sentence, his claim would usually be brought under § 2255 in the sentencing court. See United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008).

Section 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a prisoner's detention when a § 2255 petition is "inadequate or ineffective" to test the legality of his detention. Rice v. Rivera, 617 F.3d 802 (4th Cir. 2010). But the Fourth Circuit has held,

> It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions. Nevertheless, there must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless.

In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). As Petitioner states, in the Fourth Circuit, the savings clause may be invoked when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be



criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34. Thus, the savings clause is not available to a petitioner merely because his prior § 2255 motion was unsuccessful, see id. at 333, or because he is unable to meet the requirements to file a successive § 2255 motion, see San-Miguel v. Dove, 291 F.3d 257, 261 n.2 (4th Cir. 2002).

In this case, Petitioner argues that the savings clause allows him to bring his claim within a § 2241 petition before this court. Petitioner argues first that his ability to challenge the legality of his sentence was not available until the recent Supreme Court decision in Carachuri–Rosendo v. Holder, __ U.S. __, 130 S. Ct. 2577 (2010). He contends that Carachuri changed the substantive law such that the conduct of which Petitioner was convicted is now deemed not to be criminal. Petitioner claims that, post-Carachuri, as applied by the Fourth Circuit Court of Appeals in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), his predicate offenses are no longer deemed "felonies" under the federal sentencing scheme.

Specifically, Petitioner believes that Carachuri, as applied in Simmons, holds that the Government cannot use his state court convictions to enhance his federal sentence because "a qualifying felony is one for which the maximum tem of 'imprisonment' must exceed one year." (ECF No. 1-1, at 4.) Although he received five-year sentences on each of his earlier convictions, the state court suspended Petitioner's 1999 conviction to five years' probation, and the 2002 sentence to two years' probation. Thus, Petitioner asserts that, because the imposition of his federal sentence was based on prior convictions for

which he was not imprisoned for more than a year, Carachuri and Simmons render his present sentence invalid.

Petitioner appears to allege that the "savings clause" should be invoked because he is "actually innocent" of the sentence enhancement. However, the Fourth Circuit has not extended the reach of the savings clause to petitions which challenge only a sentence. Poole, 531 F.3d at 267 n.7. Accordingly, Petitioner's action, seeking a determination that he is actually innocent of a sentence enhancement, fails to state a cognizable § 2241 claim. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"). Moreover, the Supreme Court has not held that the holding in Carachuri is to be applied retroactively to cases on collateral review.

Petitioner also relies on the holding of the Fourth Circuit in Simmons, which overruled United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). In overruling Harp, the Fourth Circuit held in Simmons that, under North Carolina's statutory sentencing scheme, a defendant is convicted of a crime punishable by more than one year only if an offender with the same prior record level and convicted of similar aggravating factors could have received a sentence exceeding one year.

Simmons, however, was a direct appeal, not a collateral attack, and the Court of Appeals has not held that its holding is to be applied retroactively. In the absence of a clear determination by the appellate court that Simmons should apply retroactively to persons whose convictions were final before Simmons was decided, this court cannot say



that Petitioner is entitled to rely on it in any event. See Schriro v. Summerlin, 542 U.S. 348, 358 (2004) (holding that new rules of criminal procedure do not apply retroactively to cases already final on direct review); Teague v. Lane, 489 U.S. 288, 310 (1989) ("[N]ew constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.").

Petitioner additionally alleges that his sentence "cannot be in excess of his authorized congressionally mandated 120-150 month permissible sentencing range." (ECF No. 1-1, at 10.) Aside from the questionable merit of Petitioner's argument, he does not explain how it meets the Jones criteria and, thus, it cannot be addressed in a § 2241 petition.

Since Petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence, thereby allowing him to file a § 2241 petition, and has not shown that the cases he cites for authority have been made retroactive to cases on collateral review, this matter should be dismissed.

## RECOMMENDATION

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 22, 2012
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).