IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| William Anthony Young, | ) | C/A NO. 0:12-594-CMC-PJG |
|---|---|---|
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Mildred L. Rivera, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's *pro se* motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 24.

On June 27, 2012, the Clerk received for filing a "Request to Supplement His [sic] & 2241 Habeas Petition Pursuant to Rule 15(a) . . . ." ECF No. 18. The undersigned neglected to address this motion in the Opinion and Order dismissing this matter on July 9, 2012. Accordingly, the court **grants in part** Petitioner's motion to amend, and has reviewed the material submitted in support of the amendment.[1]

Even considering Petitioner's additional argument and material, the fundamental flaw of Petitioner's habeas petition remains that it is, in reality a successive motion for relief under § 2255, and his assertions fail to meet the requirements of the "savings clause" of § 2255(e).

As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

---

[1] Petitioner also seeks to hold this matter in abeyance pending a ruling from the Fourth Circuit Court of Appeals. This part of Petitioner's motion is denied.

1

*See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This Petitioner has not done.

The requirement of petitioning a court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Petitioner's failure to secure permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court.

Accordingly, the court grants in part Petitioner's motion to reconsider, and affirms its earlier Opinion and Order dismissing the § 2241 petition as this court is without jurisdiction to consider it.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 17, 2012